(Judge Winch of the eighth circuit sitting in place of Judge Donahue.)

STATE EX REL. O. F. SEARS v. RICHARD MCGONAGLE.

1. SUPERINTENDENT OF COUNTY CHILDREN'S HOME APPOINTED UNDER LAN. R. L. 2217 (R. S. 930) NOT A PUBLIC OFFICER, BUT AN EMPLOYE.

The superintendency of a county children's home, which is provided for by Lan. R. L. 2217 (R. S. 930), is not a public office, but a mere employment, and the incumbent thereof is an employe and not a public officer. Hence, a proceeding in quo warranto under Lan. R. L. 10357 (R. S. 6764) to recover the position from a wrongful incumbent, cannot be maintained.

2. PUBLIC OFFICE NEVER CREATED BY CONTRACT, ETC.

A public office is never created by contract, but owes its origin and authority in some act or expression of the governmental power; where authority is conferred by contract, it is regarded as an employment, and not as a public office, notwithstanding provision for the employment is made by statute.

3. TERMS "FRANCHISE" AND "OFFICE," USED IN LAN. 10360 (R. S. 6767), DISTINGUISHED.

The term "franchise," as used in Lan. R. L. 10360 (R. S. 6767), is contradistinguishable from the term, "office," in that the former is ordinarily applied to a private corporation, or something in connection therewith, while the latter ordinarily has reference to the governmental or sovereign power.

QUO WARRANTO.

**T. B. Williams, H. D. Cochran** and **John Ferguson,** for plaintiff.

**Spencer & Donahue,** for defendant.

McCARTY, J.

The petition in this case has been demurred to, and the question arising upon the petition as to whether the action can be maintained by the relator is one of the questions to be considered by us. It is claimed in behalf of the demurrer that the office which the relator claims is

wrongfully usurped by the defendant is not an office at all; that if it is a county office at all the relator is not entitled to it on the face of the papers because he has not been elected thereto. The question then is raised on the demurrer as to whether the position of superintendent of the Children's Home of Perry county, Ohio, is an office or an employment.

The statute, Lan. R. L. 10357 (R. S. 6764), provides who shall bring the action, and it provides among other things:

"A person claiming to be entitled to a public office unlawfully held and exercised by another may, by himself or an attorney at law, upon giving security for costs, bring an action therefor."

Laning R. L. 10359 (R. S. 6766) provides that when the action is against a person for usurping an office the petition shall set forth the name of the person who claims to be entitled thereto, with an averment of his right thereto, and judgment may be rendered upon the right of the defendant, and also upon the right of the person so averred to be entitled, or only upon the right of the defendant as justice requires. Laning R. L. 10360 (R. S. 6767) reads:

"All persons who claim to be entitled to the same office or franchise may be defendants in the same action, to try their respective rights to such office or franchise."

Now there is a difference between an office and a franchise; and the term, "franchise," as used in the statute is ordinarily applied to a corporation, or something in connection therewith, and is clearly distinguishable from an office.

The question then that is raised on the demurrer is whether the position of superintendent of the Children's Home of Perry county, Ohio, is such a public office as will entitle the relator to maintain quo warranto or give this court jurisdiction therein.

Laning R. L. 2217 (R. S. 930), provides for the organization of a county children's home, for the appointment of trustees thereof, and further provides as follows:

"Said board of trustees shall designate some suitable person who shall act as superintendent of said home, and who * * * shall also be clerk of said board of trustees and shall receive for his services such compensation as the board of trustees designate at the time of appointment; and he shall perform such other duties, and give security for the faithful performance of them, as the trustees by law direct."

Does this section, so far as it pertains to the superintendent of the

State v. McGonagle.

children's home, create a public office, and one that will give this court jurisdiction in quo warranto proceedings, or does it not?

In distinguishing between an office and an employment, the fact that the powers in question are created and conferred by law is an important item to be considered in determining the question, for, though an employment may be created by law, it is not necessarily so, but is often, if not usually, a creature of contract. A public office, on the other hand, is never conferred by contract, but finds its course and limitations in some act or expression of the governmental power. Where, therefore, the authority in question was conferred by contract, it must be regarded as an employment, and not as a public office. This is clearly laid down in Mechem, Public Officers Sec. 5.

Another distinguishing characteristic as appears from this statute, Laning R. L. 2217 (R. S. 930), is, that it fixes no time or length of term for said superintendent of the children's home; nor does said section fix any salary, but leaves the matter entirely in the hands of the trustees of said home. Therefore it is insisted that the relationship between the superintendent and the public is contractual, and is in no sense an office, but merely an employment. The section further provides that "if in their judgment (that is, the judgment of the trustees), it is for the best interests of the home and of the county, to dispense with a superintendent and authorize the matron to assume the entire charge of the home and its management," they may do so. This seems to fix and determine the nature of the position of the superintendent of the children's home, for an office created either by the constitution or statute could only be dispensed with by the power creating the same.

If the position of the superintendent of the Children's Home of Perry county, Ohio, is an office at all, it is a county office, and could only be filled by election. Our attention has been called to Sec. 1, Art. 10, of the constitution, which provides:

"That general assembly shall provide, by law, for an election of such county and township officers as may be necessary.

"Section 2. County officers shall be elected on the first Tuesday after the first Monday in November by the electors of each county in such manner, and for such term, not exceeding three years, as may be provided by law."

On the face of this petition it clearly appears that the relator was not elected to this office by the people, or that he was appointed to fill any vacancy; so that we have, then, the case of an attempt to provide for the selection of a county officer by appointment, not temporarily or to fill

a vacancy, but for a full term, and subject to the will of the board of trustees, who have the power to remove and appoint a successor. This is in the face of the constitution, which in one section gives power to the general assembly to provide only for an election of county officers, and in the next section provides that they shall be elected and for a term not to exceed three years; and nowhere does it, even by implication, give authority to fill such office save as to vacancies in any manner other than by election.

In the case of State v. Brennan, 49 Ohio St. 33, 39 [29 N. E. Rep. 593] in the opinion is found this language:

"The office of 'stationery storekeeper' is created for the county of Hamilton. The duties relate to the purchase and custody of the property of the county, and the salary is to be paid by the treasurer of the county from the general fund of the county.

"We have, then, a case of an attempt to provide for the selection of a county officer by appointment; not temporarily, to fill a vacancy, but for as full a term as the act creates, which term is made indefinite and subject to the will of the clerk of the court of common pleas, who, by reasonable intendment, has power to remove and appoint a successor. This in the face of a constitution which, in one section gives power to the general assembly to provide only for the election of county officers, and in the next section, provides that they shall be elected, and for a term not to exceed three years, and nowhere, by implication even, gives any authority to fill such offices, save as to vacancies, in any manner other than by election."

The decision goes on to say, on page 40:

"A more obvious attempt to override the constitution can hardly be conceived of. Under our constitution county offices cannot for a full term be filled by appointment. There is not a shadow of authority for the kind of legislation of which this act is an example. The portion of the act which assumes to give authority to the clerk of the court of common pleas to appoint a storekeeper, is clearly and palpably in conflict with the sections of the constitution quoted, and, there being no provision for an election, the act as a whole is absolutely and wholly void."

In the face of this holding of the Supreme Court can it be claimed that the legislature, in Lan. R. L. 2217 (R. S. 930), did attempt to create a public county office to be filled by appointment? Under the heading of that section it appears to us that the only intention on the part of the legislature was to give the trustees of the children's home the right to empoly

some person to act as superintendent; or, in other words, that if the trustees in their judgment believed that it was necessary to have a superintendent at all, they could by contract employ such superintendent, fixing his salary and time of service as they might see proper; and under no other theory would Lan. R. L. 2217 (R. S. 930), be constitutional.

In State v. Kendle, 52 Ohio St. 346, 355 [39 N. E. Rep. 947], second paragraph in the opinion, the court says, in passing upon a similar question with reference to the appointment of jury commissioners by the common pleas court, that:

"It is also claimed that the statute is invalid, because it provides for the appointment of the members composing the commission, instead of their election by the electors of the county, as is required in the case of all county officers by Sec. 2, Art. 10, of the constitution. This presents a question of more difficulty; for if within the meaning of this section, the commissioners are to be regarded as county officers, they cannot be appointed and the statute is invalid."

In the case of State v. Jennings, 57 Ohio St. 415, 424 [49 N. S. Rep. 404; 63 Am. St. Rep. 723], opinion, the court says: "Many efforts have been made to define a public office; and it is only the incumbent of such an office whose rights can be challenged in a proceeding in quo warranto. But it is easier to conceive the general requirements of such an office, than to express them with precision in a definition that shall be entirely faultless. It will be found, however, by consulting the cases and authorities, that the most general distinction of a public office is, that it embraces the performance by the incumbent of a public function delegated to him as a part of the sovereignty of the state. Thus in Mechem, Off. & Off. Sec. 4, it is said: 'The most important characteristic which distinguishes an office from an employment or contract, is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public; that some portion of the sovereignty of the county, either legislative, executive, or judicial, attaches, for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature, the individual is not a public officer.' "

So, that taking all that is stated in this petition to be true, and the demurrer admits the truth of the facts therein stated, is not the conclusion irresistibly reached that the superintedent of the Children's Home of Perry county, Ohio, is a mere employment, and not a public office? We are of the opinion that it is a mere employment, not for any

44  O. C. C.  Vol. 26

definite time, but a matter of contract, and to be served during the will of the contracting parties, and not controlled by the constitution or statutes as to the duties of public officers.

We then go back to Lan. R. L. 10357 (R. S. 6764), *supra:* "A person claiming to be entitled to a public office unlawfully held and exercised by another may, by himself or an attorney at law, upon giving security for costs, bring an action therefor." So that it will be observed that in the first line of this statute, "A person claiming to be entitled to a public office" is the party who may bring the action. This not being a public office, the claim made by the relator utterly fails to state the ground for the relief that he claims.

Reading that section in connection with Lan. R. L. 2217 (R. S. 930) heretofore quoted, it leaves no question in our minds as to the utter absence of any right on the part of the relator, as he has stated in his petition, not having been elected to a public office, and that the employment of superintendent of the Children's Home of Perry county is not a public office, that he cannot maintain this action.

The demurrer will therefore be sustained, and the action dismissed at the costs of the relator, and exceptions noted in behalf of relator.

**Voorhees** and **Winch, JJ.,** concur.